Samuel J. Silverman, S.
In this probate proceeding an application is made for service of process by publication on unknown distributees. Petitioner alleges that there are no known relatives surviving.
The only asset of the estate appears to be an unliquidated cause of action for personal injuries pending in the Supreme Court. Presumably recovery may exceed $5,000 or may be much less than $5,000.
The question arises whether the court should order publication in two newspapers or only one. Under section 58 of the Surrogate’s Court Act, publication was required to be made in two newspapers unless it appeared that the aggregate value of the shares or interests in the estate of all persons to be served by publication amounted to less than $5,000, in which case only one newspaper should be designated. Section 307 of the Surrogate’s Court Procedure Act has changed this provision in a very important respect. Section 307 (subd. 2, par. [a]) of the Surrogate’s Court Procedure Act now provides for “service by publication, such as is provided by CPLR 316 [i.e. two newspapers], subject to 308 and 309 [here irrelevant], and to such variations of CPLR 316 as the court may provide, except that (i) where the aggregate value of the interest in the estate of all persons to be served by publication amounts to less than $5,000, publication in only 1 newspaper shall be required”. (Italics added.) This power to vary the requirements of CPLR 316 was apparently not in the Surrogate’s Court Act. Bearing *540 in mind the extreme inefficacy of service by publication,— a “gesture”, “probably futile” (Mullane v. Central Hanover Bank Trust Co., 339 U. S. 306, 315, 317 [1950]) —there seems to be no point to requiring this estate, with substantially no assets, to spend an extra $150 or so for publication in a second newspaper. Accordingly, publication has been directed only in the New York Law Journal.